```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                        :

ALFRED JOSEPH ESQ[1].,

                           Plaintiff,                      1:23-cv-3515-GHW

                    -v -                            ORDER

STATE OF NEW YORK, *et al.*,

                        Defendants.
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    On May 17, 2023, Plaintiff's complaint was dismissed, and judgment was entered on this Court's civil docket. Dkt. No. 8. On June 22, 2023, the Court's Pro Se Office received a motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure from Plaintiff. Dkt. No. 10. For the following reasons, Plaintiff's motion is granted.

    Rule 4(a)(5) provides that in a civil case, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30-day period in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A), 4(a)(5)(A)(i). The Court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day grace period." *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam). Accordingly, under Rule 4(a)(1)(A), Plaintiff had until July 16, 2023 to file a timely motion for extension of time to file a notice of appeal. Thus, because Plaintiff filed a motion for extension of time to file a notice of appeal on June 22, 2023, Plaintiff's motion is timely.

---

[1] Plaintiff writes the abbreviation for Esquire after his name but does not appear to be an attorney.

Even if timely under Rule 4(a)(5)(A)(i), Rule 4(a)(5)(A)(ii) requires that a movant show excusable neglect or good cause why such a motion should be granted. "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control." *Alexander v. Saul,* 5 F.4th 139, 142 (2d Cir. 2021), *cert. denied sub nom. Alexander v. Kijakazi,* 212 L. Ed. 2d 548, 142 S. Ct. 1461 (2022). In the motion for extension of time to appeal, Plaintiff stated that he was subjected to an "illegal lockout; search; seizure; and electrocuted due to retaliation of the Fernandez family." Dkt. No. 10. Accepting Plaintiff's proffer as true, Plaintiff's delay in filing his notice of appeal was the result of factors outside of his control. The short duration of Plaintiff's delay also weighs in favor of granting him the relief that he seeks.

Accordingly, the Court finds good cause to grant Plaintiff's motion for an extension of time to file a notice of appeal. Plaintiff's time to file a notice of appeal is extended ten days from the date of this order. *See Cohen v. Empire Blue Cross & Blue Shield,* 142 F.3d 116, 118 (2d Cir. 1998). Plaintiff filed a document titled "Notice of Appeal." Dkt. No. 9. The Court therefore directs the Clerk to file the Notice of Appeal which is timely. The Court notes, however, that because this Court has denied a certificate of appealability, the Notice of Appeal will be treated as an application to the Court of Appeals to grant a certificate of appealability. *See* Fed. R. App. P. 22(b)(2); *Smith v. Duncan*, 411 F.3d 340, 346 (2d Cir. 2005).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 10.

SO ORDERED.

Dated: June 26, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge